[639 NYS2d 742]

In the Matter of SHELDON I. MATZKIN, an Attorney, Resignor.

Second Department, March 11, 1996

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for Grievance Committee for the Tenth Judicial District.

*Williams & Connolly,* Washington, D.C., for resignor.

### OPINION OF THE COURT

Per Curiam.

Sheldon I. Matzkin has submitted an affidavit, dated December 13, 1995, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Matzkin was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department, on April 4, 1956.

On March 12, 1993, the respondent was convicted, in the United States District Court for the Eastern District of Virginia, of one count of conspiracy to defraud the United States, to commit bribery, and to commit conversion (18 USC § 371), a Federal felony for which the respondent was sentenced to 33 months in a Federal institution. On April 22, 1993, the respondent was suspended from the practice of law by the District of Columbia Court of Appeals, and the District of Columbia Board of Professional Responsibility subsequently recommended that the respondent be disbarred based upon his conviction. On October 26, 1995, the Court of Appeals adopted the Board's recommendation and disbarred the respondent. The respondent acknowledges that his conviction and subsequent disbarment would form the basis for any request the Grievance Committee might make for authorization to commence a disciplinary proceeding.

Mr. Matzkin indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. He states that he could not successfully defend himself on the merits against the disciplinary charges which would be brought against him based on his conviction.

Mr. Matzkin's proffered resignation expressly states that it is submitted subject to any application which may be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). Mr. Matzkin is aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel for the Grievance Committee has recommended that the Court accept the resignation. Under the circumstances, the resignation of Sheldon I. Matzkin as a member of the Bar is accepted and directed to be filed. Accordingly, Sheldon I. Matzkin is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and O'BRIEN, JJ., concur.

Ordered that the resignation of Sheldon I. Matzkin is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Sheldon I. Matzkin is disbarred and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Sheldon I. Matzkin shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Sheldon I. Matzkin is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.